UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| J. H., et al., | Case No.  25-cv-04455-EKL  (VKD) |
| Plaintiffs, | |
| v. | **ORDER RE FEBRUARY 23, 2026 DISCOVERY DISPUTES RE PLAINTIFFS' RFPS 5, 6, 7, AND 8** |
| PALO ALTO UNIFIED SCHOOL DISTRICT, | Re: Dkt. Nos. 36, 37 |
| Defendant. | |

Plaintiffs J.H. and S.K. and defendant Palo Alto Unified School District ("PAUSD") ask the Court to resolve their disputes regarding plaintiffs' Requests for Production ("RFPs") 5, 6, 7, and 8, seeking performance and contract renewal/revocation records for three former PAUSD teachers.  Dkt. Nos. 36, 37.  The Court finds these disputes suitable for resolution without oral argument.  *See* Civil L.R. 7-1(b).

## I.     BACKGROUND

Plaintiff J.H., a disabled student whose native language is not English, and S.K., her parent and conservator, contend that PAUSD denied J.H. a free appropriate public education during the academic school years 2022-2023, 2023-2024, and 2024-2025, and discriminated against J.H. based on her disabilities and her limited English proficiency.  *See* Dkt. No. 1.  Plaintiffs seek review of an administrative decision issued by the California Office of Administrative Hearings, and they assert claims under the Individuals with Disabilities Education Act (IDEA), Americans with Disabilities Act (ADA), Section 504 of the Rehabilitation Act, and Title VI of the Civil Rights Act, as well as a state law claim for violation of California Government Code § 1135(b). *See id*.

The parties dispute whether PAUSD should be required to produce documents responsive to the following document requests:

> RFP 5:  All DOCUMENTS relating to J.H.'s 11th grade teachers' (MR. JORDAN FRENCH and MS. EILEEN MCCARTHY) performance.
>
> RFP 6:  All DOCUMENTS relating to J.H.'s 11th grade teachers' (MR. JORDAN FRENCH and MS. EILEEN MCCARTHY) contract renewal/revocations since the 2022-23 school year.
>
> RFP 7:  All DOCUMENTS relating to J.H.'s 12th grade teacher's (MS. GRACE KIM)[1] performance.
>
> RFP 8:  All DOCUMENTS related to J.H.'s 12th grade teacher's (MS. GRACE KIM) contract renewal/revocation since the 2023-24 school year.

Dkt. No. 36; Dkt. No. 36-1 at 8-9; Dkt. No. 37; Dkt. No. 37-1 at 9-10.

## II.    LEGAL STANDARD

Plaintiffs may obtain discovery of any matter that is relevant to a claim or defense and that is "proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit."  Fed. R. Civ. P. 26(b)(1). As plaintiffs invoke this Court's federal question jurisdiction, and because there is no argument that the discovery at issue pertains solely to plaintiffs' state law claim, federal law governs whether a privilege or protection from discovery applies.  *See* Fed. R. Evid. 501 (evidentiary privilege); Fed. R. Civ. P. 26(c)(1) (protective order*); Sinclair v. San Jose Unified Sch. Dist. Bd. of Educ.*, No. 20-cv-02798-LHK (VKD), 2021 WL 3140883, at *2 (N.D. Cal. July 26, 2021); *see also Heathman v. U.S. Dist. Ct. for Cent. Dist. of California*, 503 F.2d 1032, 1034 (9th Cir. 1974) ("[I]n federal question cases the clear weight of authority and logic supports reference to federal law on the issue of the existence and scope of an asserted privilege.").

_____

[1] Apparently, the reference to "Grace Kim" is meant to be a reference to Grace Park, one of the teachers who taught J.H. during her 12th grade year.

United States District Court
Northern District of California

## III.    DISCUSSION

### A.    Performance Records

#### 1.    RFP 5:  Jordan French and Eileen McCarthy

Plaintiffs' RFP 5 asks PAUSD to produce "all documents relating to" Mr. French's and Ms. McCarthy's performance.  Dkt. No. 36-1 at 8.  Plaintiffs contend that Mr. French and Ms. McCarthy provided ineffective instruction to J.H. during her 11th grade year.  Dkt. No. 36 at 2. They argue that evidence of PAUSD's knowledge of and responses to these teachers' inadequate performance is relevant to their claims.  *Id.* at 2-3.  PAUSD has agreed to produce non-privileged documents regarding the teachers' "qualifications, certifications, and ongoing training," but it refuses to produce documents relating to their performance, on grounds that the records are not relevant and are protected from disclosure because they implicate the teachers' privacy interests. *Id.* at 3, 6-10.

With respect to relevance, the parties disagree regarding whether the teachers performed inadequately, but the allegations in the complaint clearly place their performance at issue in this action.  For this reason, PAUSD's records of the teachers' performance are relevant to plaintiffs' claims.  However, to the extent plaintiffs seek "all documents relating to" the teachers' performance, RFP 5 seeks discovery that is not proportional to the needs of the case.  *See, e.g., Spectrum Scis., LLC v. Celestron Acquisition, LLC,* No. 20-cv-03642-EJD (VKD), 2020 WL 7352644, at *2 (N.D. Cal. Dec. 15, 2020) ("As a general matter, the formulation 'all documents relating to . . .' invites dispute and is generally disfavored precisely because the boundaries of the request are difficult to identify.").  In particular, plaintiffs provide no justification for discovery of PAUSD's records of the teachers' performance during any time period other than the time period during which they provided instruction to J.H.  Nor do plaintiffs justify their broad request for *all* documents that "relate to" the teachers' performance.

With respect to PAUSD's privacy-related objections, the parties disagree regarding whether the teachers' performance records are entitled to protection as private information and whether PAUSD may invoke such protection.  PAUSD does not identify the source of the privacy

United States District Court
Northern District of California

3

United States District Court
Northern District of California

protection on which it relies.[2]  Although PAUSD correctly observes that the Supreme Court has previously recognized "[a] person's interest in preserving the confidentiality of sensitive information contained in his personnel files," as well as an employer's interest in protecting the confidentiality of its employees' sensitive information, *see Detroit Edison Co. v. N.L.R.B.*, 440 U.S. 301, 319 & n.16 (1979), none of the authority on which PAUSD relies or of which the Court is aware supports an absolute bar to discovery of employee personnel records.  *See, e.g., Garrett v. City & Cnty. of San Francisco*, 818 F.2d 1515, 1519 n.6 (9th Cir. 1987) ("This court has held that personnel files are discoverable in federal question cases, including Title VII actions, despite claims of privilege.") (collecting cases).

While the Court has no difficulty concluding that the teachers' personnel records likely contain confidential information about their performance and other employment-related matters, the Court must balance PAUSD's and the teachers' interests in maintaining the confidentiality of these records against plaintiffs' need for relevant information.  *See Clark v. City of Los Angeles*, No. 10-cv-768-CAS (PVC), 2021 WL 4731353, at *11 (C.D. Cal. Aug. 23, 2021); *Kannan v. Apple Inc.*, No. 17-cv-07305-EJD (VKD), 2019 WL 3037591, at *3 (N.D. Cal. July 11, 2019). Given the nature of the records at issue, the Court finds that PAUSD's interest in protecting the confidentiality of the teachers' performance records can be adequately addressed by restricting public disclosure of the records, in accordance with the terms of the existing protective order in this case.  *See, e.g.*, *Sinclair,* 2021 WL 3140883, at *3 (concluding that a protective order was warranted to protect confidential personnel records from public dissemination); *Nakagawa v. Regents of Univ. of Cal.*, No. 06-cv-2066 SI, 2008 WL 1808902, at *3 (N.D. Cal. Apr. 22, 2008) (finding that privacy concerns may be addressed by a protective order).  As no absolute privilege against disclosure of employee performance records exists, the Court is not persuaded that *in camera* review is necessary.

Having considered the parties' arguments and the applicable law, the Court concludes that plaintiffs are entitled to discovery of Mr. French's and Ms. McCarthy's performance records

---

[2] For example, it is not clear whether PAUSD invokes a federal right to privacy based on the U.S. Constitution or a federal statute or some other source.

reflecting assessments of their performance during the period of time they provided instruction to J.H.  This includes formal performance reviews or assessments, as well as informal performance reviews and assessments, if any, but does not extend to every email or other document commenting upon Mr. French's and/or Ms. McCarthy's performance.

### 2.   RFP 7:  Grace Park

Plaintiffs' RFP 7 asks PAUSD to produce "all documents relating to" Ms. Park's performance.  Dkt. No. 37-1 at 9.  According to the complaint, Ms. Park provided instruction to J.H. during her 10th grade year and for approximately two months in the fall of 2023 during her 12th grade year.  Dkt. No. 1 ¶¶ 69-71, 96, 137, 175.  Plaintiffs explain that they seek records concerning Ms. Park's performance and termination because after she ceased proving instruction to J.H., they learned that "police were investigating allegations against Ms. Park in J.H.'s classroom," *id.* ¶ 176, and because they "have reason to believe . . . that Park was terminated regarding misconduct directed at her students," Dkt. No. 37 at 2.  PAUSD objects to RFP 7 on the same grounds as RFP 5.  Dkt. No. 37 at 6-9.

Plaintiffs have not shown that PAUSD's records of Ms. Park's performance are relevant to any claim or defense.  Unlike their allegations concerning Mr. French and Ms. McCarthy, plaintiffs do not allege that Ms. Park provided ineffective instruction to J.H.; to the contrary, plaintiffs refer to Ms. Park's role in laudatory terms, including describing her as "instrumental in creating effective communication between home and school about J.H.'s toileting and language needs" and emphasizing their request that J.H. be transferred from one high school within the district to another so that J.H. could be in Ms. Park's classroom for 12th grade.  Dkt. No. 1 ¶¶ 96, 141-143.  Plaintiffs' speculation that Ms. Park may have engaged in misconduct that may have impacted her instruction of J.H. is insufficient to support a request for documents concerning her performance, about which they assert no deficiency nor any claim for relief.  *See, e.g., Groeschel v. Benevity Int'l Inc.*, No. 24-cv-01686-JNW, 2026 WL 507642, at *2 (W.D. Wash. Feb. 24, 2026) (declining to reopen discovery based on speculation that plaintiff's personnel file from subsequent employer might reveal a pattern of misconduct).

Accordingly, the Court denies plaintiffs' request for an order compelling PAUSD's

production of Ms. Park's performance records.

### B.    Contract Renewal/Revocation

#### 1.    RFP 6: Jordan French and Eileen McCarthy

Plaintiffs' RFP 6 asks PAUSD to produce "all documents relating to" Mr. French's and Ms. McCarthy's "contract renewal/revocations since the 2022-23 school year." Dkt. No. 36-1 at 8. Plaintiffs contend that PAUSD terminated Ms. McCarthy's employment at the end of J.H.'s 11th grade year, and that Mr. French, who was an intern at the time he taught J.H., has since left PAUSD. Dkt. No. 36 at 2. Plaintiffs argue that evidence showing that PAUSD revoked or did not renew the teachers' contracts based on the teachers' performance "bear[s] directly on the quality of instruction [J.H.] received." *Id.* Conversely, plaintiffs argue that retention of poor performing teachers would likewise bear on PAUSD's conduct. *Id.* at 4. PAUSD objects to RFP 6 on the same grounds as RFP 5. *Id.* at 6-10.

With respect to relevance, the Court is not persuaded that whether PAUSD renewed or revoked Mr. French's or Ms. McCarthy's contracts is relevant to any claim or defense. While plaintiffs may obtain discovery of the teachers' performance records, whether PAUSD chose to employ either or both teachers after the 2022-2023 school year does not, as plaintiffs speculate, imply anything about their performance relevant to J.H.'s claims of ineffective instruction. In any event, the Court agrees with PAUSD that plaintiffs' request for "all documents relating to" renewal or revocation of the teachers' contracts is not proportional to the needs of the case

Accordingly, the Court denies plaintiffs' request for an order compelling PAUSD's production of documents responsive to RFP 6.

#### 2.    RFP 8: Grace Park

Plaintiffs' RFP 8 asks PAUSD to produce "all documents related to" Ms. Park's "contract renewal/revocation since the 2023-24 school year." Dkt. No. 37-1 at 10. For the reasons explained above with respect to RFP 7 and RFP 6, the Court finds that plaintiffs have not shown that this discovery is relevant to a claim or defense and proportional to the needs of the case.

Accordingly, the Court denies plaintiffs' request for an order compelling PAUSD's production of documents responsive to RFP 8.

United States District Court
Northern District of California

United States District Court
Northern District of California

### C.    Sanctions

Plaintiffs ask that the Court sanction PAUSD.  Dkt. No. 36 at 6; Dkt. No. 37 at 6. Plaintiffs' request for sanctions is procedurally improper, s*ee* Civil L.R. 37-4, and in any event, no sanctions are warranted here.  The request is denied.

## IV.    CONCLUSION

PAUSD shall produce Mr. French's and Ms. McCarthy's performance records reflecting assessments of their performance during the period of time they provided instruction to J.H., as described above, responsive to RFP 5.  The production shall be completed within 30 days of this order, unless the parties agree otherwise.  Plaintiffs' requests for relief are denied as to RFPs 6, 7, and 8.

**IT IS SO ORDERED.**

Dated: March 10, 2026

Virginia K. DeMarchi
United States Magistrate Judge

7